UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | Case No. 2:11-CV-152-GMN-RJJ |
| Plaintiff, | MUTUAL RELEASE AND SETTLEMENT AGREEMENT |
| vs. | |
| KRISTI M. PREIMESBERGER; IVY RAYNE PREIMESBERGER, | |
| Defendants. | |

This Mutual Release and Settlement Agreement ("**Settlement Agreement**") is made and entered into as of this 4th day of October, 2012, by and between, Kristi M. Preimesberger ("**Kristi**"), and Ivy Rayne Preimesberger ("**Ivy**"). Kristi and Ivy are the named Defendants in an Interpleader action filed by The Lincoln National Life Insurance Company ("**Lincoln National**"). They are sometimes collectively referred to herein as the "**Parties**" or individually as a "**Party**."

WHEREAS, on January 28, 2011, Lincoln National filed an Interpleader action in the United States District Court for the District of Nevada and Lincoln National was subsequently dismissed from the Interpleader action on June 1, 2011;

1

WHEREAS, the remaining parties wish to resolve and settle all past, present and future claims, disputes and controversies relating to the subject matter of the Interpleader action;

NOW, THEREFORE, in consideration of the mutual promises set forth in this Settlement Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

## RECITALS

This Settlement Agreement is entered into with reference to the following facts:

A. Lincoln National issued a life insurance policy to Eric Preimesberger with a $500,000 death benefit. Kristi was the primary beneficiary and Ivy was the contingent beneficiary under that policy.

B. On or about April 21, 2010, Eric Preimesberger was killed. Both Kristi and her brother, Timothy Wayne Morgan, were present at the time of Eric Preimesberger's death. Mr. Morgan has since been convicted of the murder of Eric Preimesberger.

C. The death benefit in the amount of $500,000 became payable under the life insurance policy as a result of Eric Preimesberger's death. On or about September 17, 2010, Kristi's father, Wesley R. Morgan, submitted a claim to Lincoln National for the death benefit (purportedly on behalf of Ivy). Subsequently, on or about October 25, 2010, Kristi submitted her claim to Lincoln National for the death benefit.

D. As the Parties had adverse claims to the death benefit, Lincoln National filed an Interpleader action in the United States District Court on January 28, 2011. After depositing the death benefit and any accrued interest with the Court, Lincoln National was dismissed from the Interpleader action.

E. The Parties desire to reach full and final settlement of the Interpleader action, and all matters arising from the Interpleader actions, and have agreed to the settlement described below.

### SETTLEMENT AGREEMENT

The Parties, agree as follows:

1. <u>Payment</u>. Immediately following the approval by the Court of this Settlement Agreement and the entry of any Order on the Court's docket, the Court shall release to Kristi the sum of $200,000, in partial settlement of her claim to the death benefit. Upon satisfactory proof of a blocked trust account having been opened on behalf of Ivy which specifically provides that any funds therein cannot be accessed until Ivy turns 18 years of age or by order of the Court, the Court shall release the sum of $250,000 to be deposited directly into the blocked trust account, as full and final settlement of Ivy's claim to the death benefit. The remaining sum of $50,000, along with any accrued interest, will be held by the Court until a final agreement has been reached as to the payment of attorneys' fees and litigation costs. Any remaining sum after the payment of attorneys' fees and litigation costs shall then be released to Kristi as full and final settlement of her claim to the death benefit.

2. <u>No Admission</u>. This Settlement Agreement is entered into as an expedient and cost-effective alternative to costly litigation. The settlement is a compromise of disputed claims and is not intended to be, and is not, an admission of liability or fault by either Party.

3. <u>Effective Date</u>. The "**Effective Date**" of this Settlement Agreement shall be the first date it has been signed by all Parties hereto.

4. <u>Dismissal</u>. As soon as practical after payment of all sums due under Paragraph 1 above, the Parties shall file a Dismissal with Prejudice of the Interpleader action.

4. <u>Releases</u>. Except for the obligations set forth in this Settlement Agreement, the Parties hereby release and forever discharge each other, their predecessors, successors, agents, representatives and assigns, past, present or future, from any and all claims, losses, liabilities, obligations, suits, debts, promises, demands and damages, of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, that the Parties, or either of them, ever had, now have, or hereafter may have, related to or arising out of the Interpleader action.

5. <u>Unknown Facts</u>. The Parties acknowledge and agree that they may hereafter discover facts different from or in addition to those they now know or believe to be true in respect to the claims, losses, liabilities, obligations, suits, debts, demands and damages released by this Settlement Agreement, and hereby agree that the releases contained herein shall be and remain in effect in all respects as a complete, general release as to the matters released, notwithstanding any such different or additional facts.

6. <u>Governing Law</u>. This Settlement Agreement shall be construed in accordance with, and governed by, the laws of the State of Nevada.

7. <u>Binding Agreement</u>. This Settlement Agreement shall be binding on, and shall inure to the benefit of, each of the Parties and their respective past, present and future predecessors, successors, attorneys, insurers, agents, representatives and assigns.

8. <u>Counterparts</u>. This Settlement Agreement may be executed simultaneously or in any number of counterparts, each of which shall be deemed an original, equally admissible in evidence against any Party whose representative has signed it, all of which together shall constitute one and the same agreement. Signatures delivered by facsimile shall be deemed original signatures.

9. <u>Integrated Agreement</u>. This writing is an integrated agreement and represents the entire understanding of the Parties relative to the subject matter described herein. No prior or contemporaneous agreements shall be enforceable if they materially alter, vary, or add to the terms of this Settlement Agreement. This Settlement Agreement may not be modified except by a writing executed by all Parties or their counsel. Each of the Parties agrees that no representation or promise not expressly contained in this Settlement Agreement has been made and further promises that they are not entering into this Agreement on the basis of any promise, representation, express or implied, not otherwise contained herein.

10. <u>Voluntary Consent</u>. This Settlement Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto. The Parties acknowledge and agree that they have each had the opportunity to have this Settlement Agreement reviewed by their counsel. Therefore, the normal rule that ambiguities are construed against the drafter shall not apply in connection with the interpretation and construction of this Settlement Agreement.

11. <u>Severability</u>. Each provision of this Settlement Agreement shall be interpreted in such a manner as to be valid, legal and enforceable. A determination that any provision of this Settlement Agreement is for any reason invalid, illegal, or unenforceable shall not affect the validity of this Agreement and any other provisions herein, and this Agreement shall be interpreted and construed as if such invalid, illegal, or unenforceable provisions were not contained herein.

12. <u>Validity of Agreement</u>. The Parties represent and agree that the persons executing this Agreement on behalf of the Parties have the full and complete permission and authority of the Party for which he or she is executing this Settlement Agreement, and have the full right and authority to commit and fully bind the Parties, their representatives, agents, principals, predecessors, successors, and privies according to the provisions hereof. This Settlement Agreement is a legally valid, binding and enforceable obligation of the Parties in accordance with its terms.

RESPECTFULLY SUBMITTED this 4th day of October, 2012.

_____
COTTER C. CONWAY, ESQ.
Attorney for Kristi M. Preimesberger

_____
KAREN A. CONNOLLY, ESQ.
Attorney and Guardian Ad Litem for
Ivy Rayne Preimesberger

IT IS SO ORDERED this 4th day of October, 2012

_____
Honorable Gloria M. Navarro
U.S. District Court, Dist. of Nevada